lml/kp

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LAURIE A. SHARPNACK,                    )
                                        )
              Plaintiff,              )
                                        )
vs.                                     )
                                        )          Case No. 04-4151-JAR
STATE OF KANSAS, et al.,                )
                                        )
              Defendants.             )
_____)

## MEMORANDUM AND ORDER

Plaintiff Laurie Sharpnack claims that she suffered a hostile work environment due to sexual harassment and experienced retaliation in violation of Title VII of the Civil Rights Act of 1964 as an employee of defendants State of Kansas and Joan Wagnon, Secretary of the Kansas Department of Revenue.  This matter is before the Court on defendants' Motion to Dismiss plaintiff's first amended complaint (Doc. 19).  For the reasons set forth below, defendants' motion is granted in part and denied in part.

### *Factual Background*

Plaintiff alleges that between June 3, 2003 and December 3, 2003, she was subjected to a hostile work environment caused by the Department of Revenue's Bureau Chief and Supervisor Matt Mosher's ("Mosher") numerous inappropriate sexual references.  Plaintiff filed an internal grievance on October 14, 2003 alleging sexual harassment.  There, she noted that other employees had previously filed similar grievances.  She requested transfer to another area within the Department of Revenue to

avoid contact with Mosher.  Before she was transferred, plaintiff alleges that she lost overtime earnings.

Plaintiff further claims that the defendants retaliated against her by transferring her to an area that

involved significantly different responsibilities, skills that she did not possess, and training that was not

provided.  She alleges that the defendants told her that if she refused to accept the position, she would

be demoted and receive a reduction in pay.

In early December 2003, plaintiff filed an administrative complaint with the Kansas Human

Rights Commission that was cross-filed with the Equal Employment Opportunity Commission

("EEOC").  After she filed the complaint, plaintiff applied for two Department of Revenue positions for

which she was qualified but was denied employment in both.  In August 2004, plaintiff received a right

to sue letter from the EEOC.  She filed a complaint in this Court on November 14, 2004 and an

amended complaint on January 6, 2005.  The defendants now ask this Court to dismiss plaintiff's

amended complaint.

### Rule 12(b)(6) Standards

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."[1]

Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that

could be proved consistent with the allegations."[2]  "The purpose of Rule 12(b)(6) is to allow a

defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything

alleged in the complaint is true."[3]

---

[1]Fed. R. Civ. P. 12(b)(6).

[2]*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citation omitted).

[3]*Mounkes v. Conklin*,  922 F. Supp. 1501, 1506 (D. Kan. 1996) (quotation omitted).

On a Rule 12(b)(6) motion, the court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff.[4] The court construes the allegations in the light most favorable to the plaintiff.[5] These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."[6] "If the facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable claim, his complaint cannot pass Rule 12(b)(6) muster."[7] Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interest of justice.[8]

The United States Supreme Court has determined that ordinary rules for assessing the sufficiency of a complaint apply to employment discrimination cases.[9] In *Swierkiewicz v. Sorema* the Court resolved a circuit split regarding the proper pleading standard for employment discrimination cases.[10] There, it concluded:

> [That] before discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case.

---

[4]*Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).

[5]*Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[6]*Associated Gen. Contractors of Cal., Inc., v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted).

[7]*Mounkes*, 922 F. Supp. at 1506 (citing *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988) (quotation omitted)).

[8]*Id.*

[9]*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002).

[10]*Id.* at  506 (reversing the U.S. Court of Appeals for the Second Circuit, which had required the petitioner's complaint to adequately allege circumstances sufficient to raise an inference of discrimination to make a prima facie case under the framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

> Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases.[11]

Therefore, to measure a plaintiff's complaint against a particular formulation of the prima facie case at the pleading stage is inappropriate and unnecessary to survive a motion to dismiss.[12]  Essentially, a plaintiff need only to satisfy "the simple requirements of Rule 8(a) of the Federal Rules of Civil Procedure to survive a 12(b)(6) motion."[13]

*Analysis*

### A.    Redundant Claims Against Defendants

Plaintiff has sued both the State of Kansas and Joan Wagnon, in her official capacity, for violating her rights under Title VII.  Defendants contend that plaintiff's claims against Secretary Wagnon in her official capacity are redundant.  The Court agrees.  Relief under Title VII is against the employer.[14]  "[T]he proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly."[15]  The Supreme Court has held that a suit against a defendant in his or her official capacity is in reality "only another way of pleading an action against an entity of which an officer is an agent."[16]

---

[11]*Id*. at 512.

[12]*Id*; *see also Jackson v. Iasis Healthcare Corp.*, 92 Fed. Appx. 763, 765-66, No. 03-4050, 2004 WL 551467 (10th Cir. Mar. 22, 2004).

[13]*Swierkiewicz*, 534 U.S. at 513.  Rule 8(a) of the Federal Rules of Civil Procedures adopts notice pleading, which requires only a short and plain statement of the claim.

[14]*Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993) (citing *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)).

[15]*Id.* (quoting *Busby*, 931 F.2d at 772).

[16]*Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690, n 55 (1978)).

Although plaintiff may sue a defendant in his or her official capacity, it is duplicative for plaintiff to sue both the individual defendant and the entity.[17]  Here, plaintiff has sued directly the employer, the State of Kansas, Department of Revenue.  The Court agrees that it is duplicative to sue Wagnon in her official capacity, and, therefore dismisses plaintiff's Title VII official capacity claim against her.  Because the Court dismisses defendant Wagnon, it does not address the other issues raised by defendants regarding insufficient service of process.

### B.     Title VII Claims

### *Discrimination in Terms and Conditions of Employment*

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on sex, race, color, religion, and national origin, in hiring or firing, in compensation, in terms, conditions, or privileges of employment, and in limiting, segregating, or classifying employees or applicants.[18]  Plaintiff claims that Mosher, her supervisor, constantly barraged her with a string of inappropriate references to her sex.  She filed an internal grievance alleging sexual harassment and requesting transfer to another area within the Department of Revenue.  Plaintiff claims that she lost overtime earnings.  She alleges that she was eventually permanently transferred to an area in the Department of Revenue for which she had significantly different job responsibilities, no skills to perform those responsibilities, and was offered no training to gain the needed skills.  She claims that if she had not accepted the new position, she would

---

[17]*See Miller v. Brungardt*, 916 F. Supp. 1096, 1098 (D. Kan. 1996).

[18] 42 U.S.C. 2000e-2(a) states: "(a) It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

have been demoted and experience a decrease in pay.  Plaintiff alleges that after she filed the Kansas

Human Rights Commission administrative complaint, she was denied employment in vacant Department

of Revenue positions for which she was qualified.  According to plaintiff's claims, the changes in the

terms and conditions of her employment resulted from discrimination based on her sex.  These

allegations are sufficient to state a claim under Title VII upon which relief can be granted.

### Hostile Work Environment

Plaintiff claims that Mosher's continuous inappropriate references to her sex caused a hostile

work environment.  According to the defendants, plaintiff's claim should be dismissed because she

makes no precise reference to when inappropriate comments were made, their effect on both her and a

reasonable person, and how they affected the terms and conditions of her employment.  The notice

pleading requirement of Federal Rule of Civil Procedure 8(a) does not require plaintiff to offer this

detail in her complaint to survive a Rule 12(b)(6) motion.

### Retaliation

Similarly, defendants argue that plaintiff's claim should be dismissed because she has made only

conclusory allegations rather than offering specific instances of retaliation sufficient to make a prima

facie case.  But plaintiff must merely offer a short and plain statement so as to give notice to the

defendant of her claim and its basis.[19]  In this case, plaintiff has alleged that after she filed a grievance

complaining of sexual harassment, she was reassigned to a position that required significantly different

responsibilities for which she had no skills and was offered no training.  She claims that if she refused

the new position, she would have received a demotion and reduction in pay.  Furthermore, she alleges

---

[19]Fed. R. Civ. P. 8(a).

that she was denied employment in two positions for which she was qualified.  These allegations are sufficient to survive the defendants' motion to dismiss.

### Conclusion

Defendants' motion to dismiss the redundant claim against defendant Wagnon is granted.  The State of Kansas, Department of Revenue, shall remain as the defendant.  Otherwise, defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim is denied.  Plaintiff's complaint sufficiently alleges claims of Title VII violations, including hostile work environment and retaliation, as required by the notice pleading requirement of the Fed. R. Civ. P. 8(a).  Pleading is the starting point for focusing litigation on the merits, and Rule 56 is the more appropriate procedure for the Court to dispose of claims lacking merit.[20]

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Doc. 19) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated this __8th__ day of April 2005.

_S/ Julie A. Robinson_____
Julie A. Robinson
United States District Judge

---

[20]*Swierkiewicz*, 543 U.S. at 514.

7