IN THE UNITED DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LAURIE A. SHARPNACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-4151-JAR |
| | ) | |
| STATE OF KANSAS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **ORDER**

Pursuant to Fed. R. Civ. P. 37(a)(2)(B), this case comes before the court on the motion **(doc. 50)** of the defendant, the State of Kansas, for an order compelling the plaintiff, Laurie A. Sharpnack, to respond to certain discovery requests.  The court has reviewed defendant's motion and supporting memorandum (doc. 51), plaintiff's response (doc. 61), and defendant's reply (doc. 64).  For the reasons set forth below, defendant's motion is granted in part and denied in part.

This is a Title VII suit brought by plaintiff against her former employer for alleged discrimination in the terms and conditions of her employment, for creating a hostile work environment, and for retaliation.  Plaintiff claims that she was sexually harassed by a supervisor, Matt Moser.  Plaintiff also claims that, in retaliation against plaintiff for filing a complaint regarding Mr. Moser's conduct, defendant denied

plaintiff's applications for two positions and eventually moved her out of her department to a position for which she was untrained.

Defendant seeks to compel complete responses to twenty-two interrogatories and eight requests for production of documents. After reviewing the discovery responses and the parties' arguments, the court is prepared to rule. Before doing so, however, the court notes that the instant motion is a complete mess, due in no small part to plaintiff's (or her counsel's) confusing array of discovery responses, amended responses, and supplemental responses, all of which have been attached to the responsive brief. It has been quite difficult for the court to ascertain plaintiff's current position on many of the discovery requests at issue, as these varying responses raise different objections and issues. In any event, to the extent that any objection now asserted by plaintiff was not asserted at the first opportunity (i.e., in the initial responses to interrogatories and requests for production of documents), those objections are deemed waived and will not be discussed.[1]

**Interrogatory No. 1**

By way of this contention interrogatory, defendant seeks information supporting plaintiff's claim that defendant's stated reason for taking any allegedly retaliatory action

---

[1] When parties fail to "make specific legitimate objections to particular interrogatories within the time allowed," the court may appropriately deem objections to those interrogatories waived. *See Casson Constr. Co. v. Armco Steel Corp.*, 91 F.R.D. 376, 379 (D. Kan.1980). This rule also applies if a party fails to make specific legitimate objections to requests for production. *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 304 (D. Kan. 1996).

was pretextual.  In response, plaintiff has stated that she cannot respond until she receives defendant's discovery responses, as she cannot predict what reasons defendant will give for its actions.

Plaintiff's response to Interrogatory No. 1 is inadequate.  Pursuant to Fed. R. Civ. P. 11(b)(3), plaintiff must have a factual basis for her claim that defendant's stated reason for taking action against her was pretextual.  Moreover, plaintiff cannot contend that she is unaware of what those reasons may be, as they were presented by defendant at the time of the action and in response to plaintiff's complaint to the Kansas Human Rights Commission.  Therefore, plaintiff is ordered to fully respond to this interrogatory. If plaintiff learns new information via defendant's discovery responses that necessitates a supplement to her discovery responses, she shall so supplement, as required by Fed. R. Civ. P. 26(e)(2).

**Interrogatory No. 3**

This interrogatory seeks information regarding any person with knowledge supporting plaintiff's claim for damages.  Defendant asks plaintiff to list specific people with knowledge and to provide detailed contact information for each of those people. Plaintiff's initial responses were wholly insufficient, but she has amended those responses in a way that generally cures the prior defects.  However, plaintiff's amended response also contains a reference to unspecified documents produced by defendant. This portion of the response is inappropriate, and will be stricken.

Plaintiff states that defendant has knowledge regarding plaintiff's lost earnings claim through its knowledge of "difference in pay received between October 22, 2003 and that which Plaintiff would have received but for Defendant's adverse employment action as per documents produced by Defendant." This statement makes little sense. If plaintiff's intent was to refer defendant to some unnamed documents that defendant has not yet produced, that reference is clearly inappropriate. Alternatively, if plaintiff intended to refer to documents in her possession that have been previously produced by defendant, that reference is also inappropriate.

"Once a party has requested discovery, the burden is on the party objecting to show that responding to the discovery is unduly burdensome."[2] "In making a decision regarding burdensomeness, a court should balance the burden on the interrogated party against the benefit to the discovering party of having the information."[3] Parties may sometimes avoid the burden which accompanies answering interrogatories by electing to produce their business records in accordance with Fed. R. Civ. P. 33(d).[4] To comply with the rule, however, the respondent must specifically designate what business records

---

[2] *Snowden v. Connaught Labs.*, 137 F.R.D. 325, 332 (D. Kan. 1991).

[3] *Hoffman v. United Telecommunications, Inc.*, 117 F.R.D. 436, 438 (D. Kan. 1987).

[4] Defendant's contention that plaintiff may not produce business records because she is a person, rather than a business, is unfounded. Defendant's argument that plaintiff cannot rely on documents created by another is equally without legal foundation.

answer each interrogatory, and the burden of deriving the answer from them must be substantially the same for the party seeking the information as for the respondent.

In response to Interrogatory No. 3, plaintiff merely refers to documents produced by defendant. The court finds the response equivocal and not in compliance with Rule 33(d). If plaintiff desires to rely upon that rule, then she should say so in her sworn answer to the interrogatory and comply with all the requirements of the rule.[5] She must also make a showing that the burden of ascertaining the information from such documents would be substantially the same for defendant, which the court predicts plaintiff cannot do, as this request asks for those people <u>plaintiff believes</u> have knowledge regarding her damages. Finally, she must specifically identify the documents upon which she relies.[6] Otherwise, plaintiff must fully answer the interrogatory without the ambiguous reference to documents which have been or will be produced.

The court concludes that plaintiff has not carried her burden to show that creating a complete, responsive answer to this interrogatory would be unduly burdensome or that the burden would be the same if defendant, rather than plaintiff, were to create such a

---

[5] To rely on Fed. R. Civ. P. 33(d), plaintiff must state in her answer to the interrogatory her election to produce business records and adequately identify them. *Caruthers v. Proctor & Gamble Mfg. Co.*, No. 96-2071, 1996 WL 745587, at *2 (D. Kan. Dec. 27, 1996).

[6] The court notes that plaintiff refers to business records throughout her responses to defendant's interrogatories. Plaintiff has not complied with Rule 33(d) in any of these interrogatory responses. Further, the court concludes that plaintiff's reference to business records is particularly inappropriate as applied to this interrogatory, as it seeks names of people with knowledge of plaintiff's damages claims. Vague references to defendants' documents are clearly unresponsive to this request.

list from the documents at issue.  In fact, the court concludes that the interrogatory at issue is not appropriate for a Rule 33(d) designation unless a particular document has previously been produced which specifically lists those people – and only those people – plaintiff claims have knowledge of her damages.  She shall otherwise fully answer the interrogatory without reference to documents which have been or will be produced.

**Interrogatory No. 5**

The parties have resolved the majority of their issues relating to this discovery request.  However, defendant asks the court to address plaintiff's continued incorporation by reference to various documents.  In response to this interrogatory, which seeks information regarding the individual acts or omissions by defendant, plaintiff has listed twenty-one individual documents as well as all documents produced by plaintiff and all those produced by defendant.

As set forth above, these general references to a list of documents are clearly improper, and the list of documents will be stricken.  Moreover, certain documents listed – "Applicable Policies and Procedures," various job descriptions, "KDOR sexual harassment policy statement" to name a few – are clearly irrelevant and unresponsive to this request, which seeks only a list of acts or omissions by defendant.

Plaintiff has not shown that creation of a list of the acts and omissions at issue would place an undue burden upon her.  Nor has she shown that the burden of compiling such a list would be equal whether it was undertaken by plaintiff or defendant.  Defendant is entitled to plaintiff's sworn response to this interrogatory listing all acts and

omissions at issue. Therefore, plaintiff is ordered to supplement her interrogatory response by creating a list of the acts and omissions complained of and providing that list to defendant. In addition, plaintiff's counsel is admonished to ensure that his client's responses are responsive and that they reference only relevant information.

**Interrogatory No. 6**

By way of this interrogatory, defendant asks plaintiff to list each request for transfer she made to defendant. Plaintiff has responded that she filed a grievance on October 14, 2003, requesting to be transferred. She claims that she continued to request a permanent transfer from that date until May 20, 2005.[7] The remainder of plaintiff's answer is completely unresponsive, and is therefore stricken. If plaintiff requested that she be transferred at any time other than on October 14, 2003, she shall specifically state the dates of such requests.

Further, plaintiff's response does not address whether she received a response to any request(s). Nor does she identify any documents containing any such request. Plaintiff shall supplement her interrogatory responses to cure this defect.

**Interrogatory No. 7**

By way of this interrogatory, defendant asks plaintiff to state the factual basis for her claim that defendant discriminated against her on the basis of her gender. The court concludes that plaintiff's response to this interrogatory is wholly unresponsive.

---

[7] Defendant has asked plaintiff to correct this statement, as plaintiff was not employed by defendant in 2005, but plaintiff has refused.

Moreover, plaintiff's response again inappropriately references documents that do not appear to be relevant or responsive to this request. Plaintiff is ordered to supplement her response to provide the factual basis for her claim of gender discrimination, including the persons involved and the dates of their involvement.

Defendant represents that plaintiff's counsel has indicated plaintiff's intent to withdraw any claim of gender discrimination. If this is the case, plaintiff shall so state in response to this interrogatory. Otherwise, she shall respond in sufficient detail, as set forth above.

**Interrogatory No. 9**

This interrogatory seeks information regarding the acts and omissions leading to plaintiff's allegations of retaliation. In particular, the interrogatory asks for details of the acts and omissions, the persons involved, the dates of the activities, and an explanation of any causal connection between plaintiff's protected activity and the acts relied upon.

Plaintiff's response to this interrogatory is incomplete at best. It contains no specific dates, no specific descriptions of the activities at issue, and no explanation of the people involved or the causal connection plaintiff claims exists.

In responding to the instant motion, plaintiff has set forth a more detailed response. However, this explanation is contained in a responsive document signed by plaintiff's counsel, rather than by plaintiff. As set forth above, defendant is entitled to a verified response to this interrogatory by plaintiff, rather than by her counsel. Plaintiff shall serve an amended interrogatory response that sets forth adequate detail regarding

the allegedly-retaliatory acts and the causal relationship between her protected activity and those acts.

**Interrogatory No. 11**

This interrogatory seeks information regarding any treatment plaintiff has sought or received from a health care provider arising out of her employment with defendant. Defendant asks specifically for the name, address, and phone number of the treating physician, the date and reason for the consultation, and the results of that consultation, including the diagnosis, prognosis, and any stated cause.

By way of plaintiff's amended response to this interrogatory, plaintiff has provided the name, address, and telephone number of Dr. Aileen McCarthy. Plaintiff states that Dr. McCarthy advised her to avoid stressful situations. Plaintiff has not provided any other information regarding her treatment by Dr. McCarthy or any other health care provider. The court concludes that plaintiff's response is unreasonably vague. She has not objected that such information is unknown to her. Nor has she objected based on any claim of confidentiality. She has merely provided an insufficient response.

Therefore, plaintiff is ordered to supplement her response to provide additional details of her treatment by Dr. McCarthy. Also, plaintiff shall execute and serve upon

defendant a release authorizing Dr. McCarthy to produce plaintiff's medical records to defendant.[8]

**Interrogatory No. 12**

Defendant asks plaintiff to describe any information she has regarding whether any persons responsible for any allegedly-retaliatory act had notice or knowledge that plaintiff had participated in a protected activity.  That is, defendant has asked plaintiff to identify any such people, what those people supposedly knew regarding plaintiff's protected activity, and how plaintiff learned that the people had such knowledge.

In response, plaintiff merely has listed a few employees of defendant and stated that they, "among others," knew of plaintiff's complaints.  She also states that knowledge of plaintiff's complaints was "common knowledge among department heads."  Plaintiff's response is insufficient.  Plaintiff has not set forth a factual basis for her claims that certain employees knew of her complaints.  In addition, her references to various department heads and the unlimited reference to certain employees "among others" are impermissibly vague.  Either plaintiff has knowledge that individual, named employees were on notice of her activity, or she does not.  Also, plaintiff must set forth the basis for her knowledge.

Therefore, plaintiff shall supplement her interrogatory response and indicate only precise information (i.e., as to specific employees) and the source of her information.

---

[8] *See Bradley v. Val-Mejias*, No. 00-2395, 2001 WL 1249339, at *9 (D. Kan. Oct. 9, 2001).

**Interrogatory No. 13**

By way of this interrogatory, defendant seeks information regarding any other lawsuit to which plaintiff has ever been a party.  Plaintiff has objected on relevance grounds and has indicated that plaintiff does not have responsive documents in her possession.  Also, in responding to the instant motion, plaintiff has stated that, "Plaintiff understands that although the Defendant has stated the reasons it believes Plaintiff should supplement its (sic) response to Interrogatory No. 13, but has stricken its (sic) objections as moot."

This is an interrogatory, not a request for production of documents.  Therefore, plaintiff's contention that she does not possess responsive documents is unresponsive. In addition, with all due respect to plaintiff's counsel, the above sentence extracted from plaintiff's opposition brief makes absolutely no sense.

In any event, the court concludes that the information requested is relevant. Relevancy, of course, is broadly construed.  Thus, at least as a general proposition, a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[9]  A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[10]  When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish

---

[9] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001).

[10] *Id.*

the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure.[11]  The question of relevancy naturally "is to be more loosely construed at the discovery stage than at the trial."[12]  "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence."[13]

In this case, the request for plaintiff's prior history with litigation is relevant to her credibility.  The information is also relevant to the extent it may involve claims similar to those plaintiff brings in this case or involve information related to plaintiff's mental condition, which she has put at issue in this lawsuit.  Since this request appears relevant on its face, the burden shifts to plaintiff to prove that the information sought is not relevant or that the burden in producing the information would outweigh any marginal relevance.  Plaintiff has failed to do so.  Therefore, the motion to compel is granted as to this request.  Plaintiff shall provide defendant with a list of all cases and administrative proceedings to which she has been a party, including the caption, date, case number, type of action, and the disposition of the case.

---

[11] *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 672 (D. Kan. 2003).

[12] 8 CHARLES ALAN WRIGHT ET AL, FEDERAL PRACTICE AND PROCEDURE § 2008 at 99 (2d ed. 1994).

[13] *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996).

**Interrogatory No. 16**

This interrogatory seeks a list of each time when plaintiff made defendant aware of her hostile work environment claim. For each of these instances, defendant seeks the date, the manner of the communication, and the persons involved in the communication.

In response, plaintiff cites a list of documents purporting to contain the information sought. Also, in response to the instant motion, plaintiff has incorporated her responses to Interrogatory Nos. 5 and 7.[14] As set forth above, plaintiff's references to documents are improper and do not comply with Fed. R. Civ. P. 33(d). Moreover, the court has earlier indicated that plaintiff's responses to Interrogatory Nos. 5 and 7 are insufficient. Therefore, plaintiff is directed to compile the requested information or – if she is able to make the appropriate showing under the rule – properly designate specific pages of documents under Rule 33(d).

**Interrogatory No. 17**

This interrogatory seeks information regarding each time someone other than plaintiff made defendant aware that plaintiff was claiming that a hostile work environment existed. Specifically, defendant seeks the names of any individuals who made defendant aware of plaintiff's claim, the manner of communication, the date of the communication, and to whom the information was communicated.

---

[14] The court notes that, even if this incorporation by reference complied with Fed. R. Civ. P. 33(d), it should have occurred in a verified response to the interrogatory, rather than in a brief signed by counsel.

328449d1be6ced95

In response, plaintiff has provided a list of people who ostensibly provided defendant with such information (although it is unclear whether they were actually the providers or the recipients, as they all appear to be employees of defendant). Plaintiff does not include dates of these communications, the manner of communication, or the recipients of the information. In supplementing her responses, plaintiff has incorporated by reference her responses to Interrogatory Nos. 5-7.

Plaintiff's response is, again, clearly insufficient. To the extent plaintiff knows the dates of these communications (or that she can ascertain these dates from documents in her possession), she shall provide the dates of the communications at issue. Plaintiff shall also supplement her responses to include the manner of each communication and to make clear who communicated the information to whom.

**Interrogatory No. 20.**

This interrogatory seeks an explanation for the destruction of any written communication between plaintiff and Mr. Moser, to the extent that plaintiff intends to rely upon any such destroyed communication in this action. Plaintiff has stated that she periodically destroyed e-mails on her computer by deleting them. She has further answered that she destroyed certain e-mails from Mr. Moser after she made her complaint to defendant because she feared retaliation.

In addition, defendant advises the court that plaintiff has indicated she does not intend to rely upon any of the communications that she destroyed and that are thus unavailable to defendant. If this is the case, plaintiff is instructed to amend her response

to this interrogatory to indicate that no such e-mails exist.  That is, plaintiff must verify that she does not intend to rely on any communications that will not be made available to defendant in this action.

If, however, plaintiff does intend to rely on destroyed communications, the court finds that her description of how, when, and why she destroyed the e-mails at issue is sufficient.  It appears that plaintiff's practice was to periodically delete e-mails, and that she did so soon after she made her complaint to defendant.  The court denies defendant's motion to compel as to this interrogatory.

**Interrogatory No. 21**

By way of this interrogatory, defendant asks plaintiff to set forth the details of each instance when she complained about the way she was treated by defendant. Defendant seeks the dates and substance of each such complaint.  In response, plaintiff has stated that she complained "regularly" over a seven-month period of time.  She states that these complaints were directed to three different employees and were either verbal or via e-mail.  In supplementing this response to provide a more detailed list of these complaints, plaintiff has again incorporated by reference her responses to Interrogatory Nos. 5-7.

This response is clearly inadequate.  As set forth above, plaintiff cannot merely list each and every document produced by either party in this case.  She must provide a verified statement detailing each of these complaints.  Further, she must create this list herself unless it has already been created and can easily be divined by defendant from

a particular document.  Then, if plaintiff can meet the burden of Fed. R. Civ. P. 33(d), she may respond to this interrogatory pursuant to that rule.  Otherwise, plaintiff shall create and provide a list including all of the information sought through this interrogatory.

**Interrogatory No. 22**

This interrogatory seeks details regarding any sexually explicit e-mails plaintiff claims she received from Mr. Moser.  Defendants ask plaintiff to provide the date and content of each e-mail and to provide information regarding the current custodian of those e-mails.

In response, plaintiff states only, "See answer to Interrogatory 21."  As set forth above, the response to Interrogatory No. 21 is an inadequate response to that interrogatory; it is even more inadequate as a response to Interrogatory No. 22.  By way of plaintiff's response brief, she claims that she has provided adequate information in her second amended response.  However, a review of plaintiff's second amended response shows that plaintiff has not provided any supplement to her response to this interrogatory; that is, plaintiff's responses jump from Interrogatory No. 21 to Interrogatory No. 24.[15]

Plaintiff is directed to respond to this interrogatory by providing detailed information, as the interrogatory requests.  Again, unless plaintiff can meet the

---

[15] To ensure that this was not merely a typographical error in plaintiff's response brief, the court has also searched plaintiff's first amended responses.  A supplemental response to this interrogatory was also not found in the first amended response.

requirements of Fed. R. Civ. P. 33(d), she shall not reference documents in her amended response.

**Interrogatory Nos. 24 and 25**

By way of these interrogatories, defendant asks plaintiff whether she ever suffered panic attacks or lack of sleep prior to the alleged harassment by Mr. Moser.  If plaintiff answers affirmatively, she is then to provide details regarding the dates of the panic attacks and loss of sleep, as well as the circumstances surrounding those episodes and the effect the episodes had on plaintiff.

In response, plaintiff asserts that she has suffered from panic attacks before. Specifically, plaintiff states that she was involved in a difficult custody dispute in 2001. Plaintiff has amended her responses to state that she suffered panic attacks and sleeplessness from October through December 2001.  Although plaintiff does not state that these symptoms were caused by the custody dispute, that connection could be inferred from the response.  Plaintiff also describes that a panic attack causes chest pains and anxiety, but does not explain what effect these attacks or the sleeplessness had upon other aspects of her life, which was clearly the intent of the interrogatories.

Defendant argues that these responses are not sufficiently detailed.  The court agrees.  Defendant is entitled to discover facts relating to plaintiff's previous symptoms that are similar to those she complains of in this case.  Although defendant has asked plaintiff's counsel to provide releases for plaintiff's medical records, plaintiff's counsel has refused to do so.  As set forth above, defendant is entitled to discovery of these

records.  Plaintiff shall provide defendant with a list of her treating physicians and counselors and shall provide defendant with executed releases so that defendant may obtain plaintiff's medical records.

**Interrogatory No. 26**

Defendant has withdrawn its motion to compel as it relates to this interrogatory.

**Interrogatory No. 28**

This interrogatory asks plaintiff to identify five close friends or relatives who would "know what an ordinary day for [plaintiff] is like."  Plaintiff has responded that no one knows what an ordinary day is for her.  Defendant argues that plaintiff should provide names of people who would be knowledgeable about plaintiff both on and off the worksite.  However, the court agrees with plaintiff that this poorly-phrased interrogatory does not ask plaintiff to identify people who are competent to testify about these areas; it asks for people who know what an ordinary day is like for plaintiff. Defendant may not like the answer plaintiff has given, but defendant is at fault for drafting the interrogatory.  Defendant is free to rephrase this question and present it in future discovery requests or examination questions. The court, however, will not compel plaintiff to provide information she claims not to possess, nor will it add terms to defendant's interrogatory in order to provide defendant the answers it seeks. Defendant's motion to compel is denied as to this interrogatory.

**Interrogatory No. 29**

Defendant has withdrawn its motion to compel as it relates to this interrogatory.

**Interrogatory No. 30**

By way of this interrogatory, defendant seeks information regarding plaintiff's work history.  Plaintiff has objected on grounds that the request is overly burdensome and irrelevant.[16]  The court concludes that plaintiff has not met her burden to prove that responding to this interrogatory would be unduly burdensome.

"An objection must show specifically how an interrogatory [or request] is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden."[17]  "In making a decision regarding burdensomeness, a court should balance the burden on the interrogated party against the benefit to the discovering party of having the information."[18]  "[D]iscovery should be allowed unless the hardship is unreasonable in the light of the benefits to be secured from the discovery."[19]

_____

[16] In fact, in clear violation of Fed. R. Civ. P. 33(b)(1), plaintiff has refused to answer any part of this interrogatory on the grounds that it is facially overbroad.  Plaintiff was clearly required to respond to this interrogatory, at the first opportunity, to the extent it was not objectionable.  Plaintiff's counsel is admonished to follow the requirements of Rule 33 in the future.

[17] *Chubb Integrated Sys. Ltd.*, 103 F.R.D. 52,59-60 (D.D.C. 1984) (citations omitted).

[18] *Hoffman v. United Telecomm., Inc.*, 117 F.R.D. 436, 438 (D. Kan. 1987) (citing *Rich v. Martin Marietta Corp.*, 522 F.2d 333 (10th Cir.1975)).

[19] *Snowden v. Connaught Labs., Inc.*, 137 F.R.D. 325, 333 (D. Kan. 1991) (quoting 8 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2214, at 647-48 (1970)).

Plaintiff has presented nothing but conjecture to support her objection that compliance with this interrogatory would be unduly burdensome.  Because plaintiff has not supported her undue burden objection, it is hereby overruled.

Plaintiff's relevance objection is likewise overruled.  Plaintiff has claimed that, at all times relevant to the complaint, her work was satisfactory.  She has also claimed that she was transferred to a position for which she was untrained.  Defendant clearly has the right to discover if plaintiff is a good worker, or if she has been subject to discipline in other jobs, as well as whether any previous employment could have trained her for the job to which she was transferred.  Discovery of information both before and after the liability period within a Title VII lawsuit may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and courts commonly extend the scope of discovery to a period of time both prior to and following such period. [20]  The task of the trial court is to balance the clear relevance of the information against the burden on the defendant.[21]

As set forth above, the court concludes that the information sought is relevant to plaintiff's claims and to defendant's defenses.  In addition, plaintiff has set forth no evidence which would lead the court to determine that the burden of producing this information would outweigh its relevance.  Therefore, defendant's motion to compel is

---

[20] *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 655 (D. Kan. 2004) (citations omitted).

[21] *Id.* (citations omitted).

granted as to this interrogatory.  However, despite plaintiff's failure to support her objection with adequate evidence, the court will limit the temporal scope of her responses to ten years prior to her employment with defendant and all employment subsequent to her departure from defendant's employ.  Plaintiff shall amend her response to include all responsive information within this time frame.

**Interrogatory No. 31**

By way of this interrogatory, defendant seeks information regarding plaintiff's close family members.  In particular, defendant asks plaintiff to set forth her marital status and information regarding any spouse, former spouse, and the father of her children. Plaintiff has objected that the interrogatory seeks irrelevant information. However, as required by Rule 33(b)(1), plaintiff has answered the interrogatory to the extent it is not objectionable; she has set forth the names and ages of her children and her mother, as well as the name of her brother.  She has also stated that she has no spouse. Plaintiff maintains her objection that information regarding any former spouse or the father of her children is irrelevant.

Defendant argues that information regarding plaintiff's family situation is relevant because her family may be able to provide information regarding plaintiff's medical condition and the effect of any alleged harassment by Mr. Moser.

The court concludes that the information sought via this interrogatory is not relevant on its face.  While defendant is entitled to discover the identities of people who may be able to testify about plaintiff's complaints, a request for the name of her

children's father is not the same thing.  This information is of an extremely personal nature.  Moreover, as plaintiff has previously stated that her custody dispute took place in 2001, two years prior to the alleged harassment, it is unlikely that this person would have information regarding the effect of the harassment at issue.  In short, as stated above, when the information sought does not appear relevant on its face – as here – the burden is on defendant to show that the information is relevant to a claim or defense.  Defendant has not done so, and the motion to compel is denied as it relates to this interrogatory.[22]

**Interrogatory No. 33**

This interrogatory seeks information regarding whether plaintiff's counsel has had contact with any officer or agent of defendant concerning plaintiff's claims.  Apparently, plaintiff's counsel informed defense counsel in January 2005 that plaintiff's counsel had "inside information" indicating that defendant had "screwed up" during plaintiff's sexual harassment investigation.  During the "meet and confer" process, plaintiff's counsel did not disagree that he may have had a conversation with an employee of defendant that had led to this "inside information."  Instead, plaintiff's counsel merely indicated that he did not believe plaintiff would be required to disclose this information because it was not personally known to her.

---

[22] The court notes that plaintiff also objects on the basis of overbreadth.  However this objection is wholly without merit.  Further, this objection was asserted for the first time in response to defendant's motion, and it is therefore deemed waived.

Originally, plaintiff's answer to this interrogatory was merely, "No."  However, plaintiff has now amended her response as follows:

> Objection, will not lead to relevant evidence or evidence bearing on the issues in this case.  Conversations between plaintiff and her attorney are confidential and protected by the attorney-client privilege.  Plaintiff has no knowledge of any attorney representing her having contact or communication with any officer, official agent or employee of the KDOR regarding matters alleged within her first amended complaint.

As a preliminary matter, the court notes that each of these objections was waived when plaintiff failed to raise them in her initial response to this interrogatory.[23]   In addition, plaintiff's objection confuses the issue of whether counsel has communicated with plaintiff regarding the alleged communication.   If plaintiff's counsel did communicate with plaintiff regarding this conversation, then the last sentence of the amended response – indicating that plaintiff has no knowledge – is false.  If, on the other hand, plaintiff's counsel did not tell plaintiff about the conversation, then the claim of attorney-client privilege would not apply.

Plaintiff's objection also misstates the law.  "Not every communication between an attorney and client is privileged, only confidential communications which involve the requesting or giving of legal advice."[24]   "[A]lthough the privilege protects disclosure of

---

[23] In order to avoid waiver of objections, including privilege, the objection must be raised at the first opportunity.  *McHan v. Grandbouche*, 99 F.R.D. 260, 268 (D. Kan. 1983) (citing 8 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE: Civil § 2016, at 126-127 (2d ed. 1994)).

[24] *Burton v. R..J. Reynolds Tobacco Co.*, 175 F.R.D. 321, 327 (D. Kan. 1997)

substantive communication between attorney and client, it does not protect disclosure of the underlying facts by those who communicated with the attorney."[25]

Moreover, while not specifically addressed in plaintiff's amended response, her attorney's apparent contention that plaintiff need not disclose facts known to her attorney (but, allegedly, not to her) is incorrect.  If plaintiff's counsel, in his capacity as plaintiff's agent, has responsive information, he must provide it – even if he has not communicated it to plaintiff.[26]  Therefore, even if they were not deemed waived, plaintiff's untimely objections would also be overruled on their merits.  Plaintiff or her counsel shall supplement the response to this interrogatory to include all responsive information in the possession of plaintiff or her agents.

**Request for Production No. 6**

By way of this request, defendant seeks copies of plaintiff's tax returns (both state and federal) for the past ten years.  Originally, plaintiff objected to this request on grounds of undue burden and relevance.  Despite her obligation to respond to this request to the extent it was not objectionable, plaintiff provided no documents.  Plaintiff further stated that she did not possess any such documents.

_____

(citations omitted).

[25] *Heavin v. Owens-Corning Fiberglass*, No. 02-2572, 2004 WL 316072, at *3 (D. Kan. Feb. 3, 2004) (internal citations and quotation omitted).

[26] *Hickman v. Taylor*, 329 U.S. 495, 504 (1947) ("A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney.").

24

In her amended response, plaintiff has withdrawn her objections[27] and has provided one of the tax returns that she previously indicated was not in her possession. Plaintiff has produced only her federal tax return for 2004. She does not indicate in her response brief whether she has any additional tax returns.

Although they appear to have been withdrawn, the court overrules each of plaintiff's objections to this request for production. The information sought is clearly relevant to plaintiff's claim for damages, and plaintiff has again not presented any evidence to support a finding that compliance with the request would be unduly burdensome. Therefore, to the extent plaintiff has additional responsive documents in her possession, she shall produce them. To the extent plaintiff does not have copies of

---

[27] Plaintiff has attempted to reserve her objections to relevancy as they relate to each of defendant's requests for production by setting forth "general objections" at the beginning of her amended response. As set forth below, the court deems these general objections waived.

> This Court has on several occasions disapproved of the practice of asserting a general objection "to the extent" it may apply to particular requests for discovery. This Court has characterized these types of objections as worthless for anything beyond delay of the discovery. Such objections are considered mere hypothetical or contingent possibilities, where the objecting party makes no meaningful effort to show the application of any such theoretical objection to any request for discovery. Thus, this Court has deemed such ostensible objections waived or [has] declined to consider them as objections.

*Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 666-67 (D. Kan. 2004) (internal quotations and citations omitted).

any responsive documents, plaintiff shall execute releases to allow defendant to obtain these tax records.

**Request for Production No. 15**

By way of this request, defendant seeks all medical records relating to physical or psychiatric conditions.  In response, plaintiff produced only those records relating to her treatment that allegedly resulted from the conduct giving rise to plaintiff's claims. She has not provided any medical records from any period of time prior to or after that alleged conduct.  Plaintiff did not raise any objection to this request for production in her initial response.

Now, plaintiff asserts that she understood this request to be limited to only those records plaintiff deems relevant, which include only the records of treatment following the alleged harassment.  Plaintiff indicates that she would have objected on grounds of overbreadth and relevance if she had realized the scope of the request.

Plaintiff's failure to understand the scope of this request is not supported. Nothing in the language of this request should have led plaintiff to believe that it was so limited, and plaintiff is not allowed to interpret defendant's document requests more narrowly than they are presented – without raising appropriate objections – merely because her theory of the case limits the relevant time period more severely than does defendant's.

Therefore, plaintiff's now untimely objections are overruled because they are deemed waived and because they are without merit.  Plaintiff shall produce all records

in her possession and shall execute medical releases for any additional records.  On its own motion, the court will limit the materials plaintiff must produce to all medical records for the past ten years.  If, after reviewing these records, defendant concludes that earlier records may have a bearing on a claim or defense in this case, defendant may seek an expansion of the scope of the court's ruling.

**Request for Production No. 24**

Defendant has withdrawn its motion to compel as it relates to this request.

**Request for Production No. 30**

By way of this request, defendant seeks copies of each and every employment evaluation plaintiff has received since she left defendant's employ.  Plaintiff has objected that the requested documents are irrelevant and that she does not possess copies of such evaluations.  In addition, in plaintiff's responsive brief, she asserts for the first time that the request is overly broad.  As set forth above, this untimely objection is deemed waived.[28]

As to plaintiff's timely-asserted relevance objection, this objection is overruled.  Defendant is clearly entitled to examine plaintiff's performance and the existence of any other complaints she has made to other employers that might affect the credibility of plaintiff's instant claims.

---

[28] Were the court to evaluate this objection on its merits, it would conclude that the objection is frivolous.  The temporal scope of this request is less than two years, and – according to defendant's contentions, which have not been contradicted by plaintiff – plaintiff has received only annual reviews during this time.  Therefore, the request for so few evaluations clearly is not overly broad.

Finally, the court concludes that plaintiff's contention that she does not possess such evaluations is incorrect. As set forth in defendant's reply brief, plaintiff has the legal right to obtain a copy of such evaluations on demand. Under Fed. R. Civ. P. 34(a), a party is required to produce information within her custody or control. A document is deemed within plaintiff's control if she has the legal right to obtain the document on demand.[29]

Therefore, plaintiff's objections are overruled, and defendant's motion to compel is granted as it relates to this request. Plaintiff shall amend her response and provide all responsive documents.

**Request for Production Nos. 32-34**

By way of these requests, defendant again seeks information relating to previous litigation in which plaintiff has been involved. Each of these document requests seeks documents relating to specific types of lawsuits. Request No. 32 seeks documents relating to any child custody or child support proceeding. Request No. 33 seeks documents relating to any child in need of care or juvenile care proceedings. Request No. 34 seeks documents relating to any personal injury cases.

Plaintiff objected to each of these requests on the basis that the information sought is irrelevant and that plaintiff has no such documents in her possession. Additionally, plaintiff's responsive brief sets forth – again, for the first time – an

---

[29] *See Nat'l Fire Ins. Co. v. Midland Bancor, Inc.,* 159 F.R.D. 562, 566 (D. Kan. 1994).

objection that these requests are overly broad.  The overbreadth objection is deemed waived, as set forth above, as it was not raised at the first instance.  Plaintiff's relevancy objections are overruled.

Plaintiff has stated that she previously suffered panic attacks and sleeplessness as a result of stress from lawsuits involving her children.  Therefore, plaintiff has clearly opened the door for defendant to explore the events of those cases in order to defend plaintiff's emotional distress claims.  As set forth above, information should be considered relevant if there is any possibility that it may be relevant to the case.  The court concludes that information regarding plaintiff's prior litigation is clearly relevant to her emotional distress claims.  Plaintiff's objections are overruled, and defendant's motion to compel is granted as it relates to this request.

Moreover, to the extent plaintiff claims not to have any such documents in her possession, the court concludes that she clearly has the ability to obtain a copy of all documents on demand; therefore, the documents are within her custody or control. Plaintiff shall produce copies of all responsive documents.

**Request for Production No. 35**

The final request at issue seeks copies of documents relating to discipline of plaintiff during her employment with defendant and any subsequent employment. Plaintiff objected that the information sought was irrelevant and that she does not have any such documents in her possession.  Yet again, plaintiff has untimely raised, by way

of her responsive brief, an additional objection that the request is overly broad.  That objection is again deemed moot.

Plaintiff's relevancy objection is overruled.  Plaintiff has stated that, at all times relevant to the complaint, she performed her duties at or above defendant's expectations. In presenting any defense that actions taken by defendant resulted from plaintiff's performance, rather than from any retaliatory motive, defendant is clearly entitled to discover any performance issues or other instances giving rise to discipline.  As set forth above,[30] the scope of this request includes only a limited time period that is clearly relevant to plaintiff's claims and defendant's ability to defend itself.

Again, as to plaintiff's contention that she does not have any responsive documents in her possession, the court has already concluded that plaintiff has the legal right to receive a copy of any such documents on demand.  Therefore, they are within her custody and control for purposes of Fed. R. Civ. P. 34.

Plaintiff's objections to this request are overruled, and defendant's motion to compel is granted as it relates to this request.  Plaintiff shall provide all responsive documents.

For the reasons set forth above, defendant's motion to compel **(doc. 50)** is granted in part and denied in part.  Plaintiff shall provide amended discovery responses and all responsive documents and authorizations, as set forth in this order, by **August 29, 2005.**

---

[30] *See* footnote 28.

Mindful that discovery in this case is required to be completed by September 30, 2005 (*see* doc. 36, p. 2), which is just six weeks away, a cautionary note is in order. It would be a vast understatement to say that the court is perturbed by plaintiff's inadequate and evasive discovery responses. In the hopefully unlikely event that these "cat and mouse" tactics continue, plaintiff should keep in mind that defendant presumably will file, and the court will favorably entertain, a motion for sanctions. Of course, this could result in involuntary dismissal of all of plaintiff's claims. At a minimum, it will result in a stiff award of fees and expenses against plaintiff, her attorney, or both of them.

IT IS SO ORDERED.

Dated this 18th day of August, 2005, at Kansas City, Kansas.


   s/   James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge