IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAURIE A. SHARPNACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 04-4151-JAR |
| vs. | ) |
| | ) |
| STATE OF KANSAS, | ) |
| | ) |
| Defendant. | ) |

**<u>ORDER</u>**

Pursuant to Fed. R. Civ. P. 15(a), this case comes before the court on the motion of the plaintiff, Laurie Sharpnack, for leave to file a second amended complaint (**doc. 98**). The defendant, the State of Kansas, has responded (doc. 109) and plaintiff has replied (doc. 112). For the reasons set forth below, plaintiff's motion is denied.

Plaintiff filed suit on November 15, 2004, alleging that defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., as amended, by discriminating against her on the basis of her sex, subjecting her to a hostile work environment, and retaliating against her by refusing to promote and transfer her after she engaged in activity protected by the Kansas Act Against Discrimination ("KAAD") and Title VII. In her first amended complaint (doc. 10), which was filed on January 6, 2005, plaintiff requested relief and damages in excess of $500,000 plus attorney's fees and expenses.

On May 4, 2005, after conferring with counsel, the court filed a scheduling order (doc. 36) setting July 15, 2005 as the deadline for the parties to file any motions to join additional parties or otherwise amend the pleadings. Plaintiff filed the instant motion on August 23, 2005, seeking leave to file a second amended complaint to 1) specify that she alleges

O:\ORDERS\04-4151-JAR-98.wpd

violations of KAAD in addition to Title VII, and 2) more specifically set forth the nature and amount of damages that she requests. Defendant argues that plaintiff's motion to amend is untimely, futile, and prejudicial.

Under Fed. R. Civ. P. 15(a), once a responsive pleading has been filed, "a party may amend only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Generally, the court denies leave to amend "upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment."[1] Because plaintiff's motion was filed out of time, the court must examine the liberal amendment policy of Fed. R. Civ. P. 15(a) in conjunction with the good cause standard of Fed. R. Civ. P. 16(b). That is, courts in this jurisdiction consistently have held that, when considering a motion to amend filed after the date established in a scheduling order, the court must determine whether "good cause" within the meaning of Fed. R. Civ. P. 16(b) has been sufficiently demonstrated to justify allowing the untimely motion[2] and if the Fed. R. Civ. P. 15(a) standards have been satisfied.

Rule 16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The party seeking to extend a scheduling order deadline must establish good cause by

---

[1] *Castleglen v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[2] *See, e.g., Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) (applying this two-part inquiry) (citing *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990)); *Denmon v. Runyan*, 151 F.R.D. 404, 407 (D. Kan. 1993) (same).

proving that the deadline could not have been met with diligence.[3]

As earlier indicated, according to the scheduling order of May 4, 2005 (doc. 36), the deadline for amending the pleadings in this case was July 15, 2005, and plaintiff's motion to amend was not filed until August 23, 2005. Furthermore, all discovery in this case is to be completed by September 30, 2005. Plaintiff offers no explanation for the delay in filing her motion to amend. The court, not surprisingly, therefore finds that plaintiff has failed to demonstrate good cause to warrant leave to amend this late in the process. Plaintiff's motion to amend clearly should be denied as untimely. Based on the court's ruling regarding the untimely nature of the instant motion, the court need not consider defendant's arguments regarding undue prejudice and futility.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. The above-referenced motion **(doc. 98)** is denied.

2. Copies of this order shall be served on all counsel of record.

Dated this 8th day of September, 2005, at Kansas City, Kansas.

    s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[3] *Denmon*, 151 F.R.D. at 407 (holding that the plaintiff failed to demonstrate the required "good cause" to justify allowing an untimely motion to amend) (citing *Pfeiffer v. Eagle Mfg. Co.*, 137 F.R.D. 352, 355 (D. Kan. 1991) and Fed. R. Civ. P. 16 advisory committee's notes to the 1983 amendments).